IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00824-WYD-KLM

KATHERINE HANNER, and
ROBERT HANNER,

      Plaintiffs,

v.

WAL-MART STORES, INC., and
JOHN DOE,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on its Order compelling Plaintiffs to produce certain discoverable information pursuant to Fed. R. Civ. P. 26(a)(2) and permitting an award of attorney's fees to Defendant Wal-Mart Stores, Inc. *Minutes* [#29].  The history of the discovery dispute and the justification for the award of expenses was set forth during the March 1, 2012 telephonic discovery hearing and in the subsequent Minutes and is not reproduced here. *See Minutes* [#29].  At the hearing, the Court granted in part and denied in part Defendant's oral motion for sanctions. *See id.* at 1.  Pursuant to the Order, the Court directed the parties to file additional pleadings regarding the amount of attorney's fees sought by Defendant and the reasonableness of such fees. *Id.* at 2.  Defendant filed an Affidavit of Attorney's Fees by Mia K. Della Cava [#31] (the "Affidavit").  On March 15, 2012, Plaintiffs filed a Response [#32]

objecting to certain portions of the Affidavit.  Defendant did not file a Reply.  Having considered the parties' pleadings, the Court awards Defendant attorney's fees as set forth below.

As a preliminary matter, pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience."  Defendant submitted an Affidavit authored by Attorney Mia K. Della Cava ("Della Cava"), which includes an itemized list of fees incurred, the hourly rates charged by counsel, and her experience.  Attorney Della Cava supports this list with billing records from her firm.  *See Ex. 1 to Affidavit* [#31-1].  As per the Affidavit, Defendant incurred attorney's fees in the amount of $1,977.50 for 11.3 hours of time spent in connection with this discovery dispute.[1]  The Court finds that Defendant has satisfied the requirements of Local Rule 54.3B.  Moreover, the hourly rate of $175.00 is reasonable for this jurisdiction.  The Court addresses the issue of the amount of the award below.

A party seeking an award of attorney's fees must demonstrate that the expenses it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05–cv–01482–REB–MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Generally, the starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours

---

[1]  Defendant does not seek reimbursement for costs or for "the actual time spent drafting the motion to compel."  *See Affidavit* [#31] at 2-3.

reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017–18 (10th Cir.1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436–37.

As noted on the record at the discovery hearing, Defendant was the prevailing party and, therefore, is entitled to be compensated for what ultimately turned out to be an avoidable discovery dispute. *Minutes* [#29] at 2; *see* Fed. R. Civ. P. 37(a)(5)(A). Reviewing the Affidavit, the Court agrees that Plaintiffs unnecessarily caused the expenditure of time, money, and resources to resolve the dispute. Plaintiffs do not contest the majority of Defendant's requested fees, but they do partly contest fees in connection with 4.5 hours of Attorney Della Cava's asserted time. *See Response* [#32] at 2-3.

Plaintiffs first argue that Attorney Della Cava double-billed 0.2 hours of time on February 21, 2012. *See id.* at 2. Attorney Della Cava billed 0.7 hours of billable time to this matter on that date: (1) 0.50 hours to "[c]orrespond with Plaintiff's [sic] counsel regarding motion to compel and for sanctions in connection with failure to produce expert information under Federal Rule of Civil Procedure 26(a)(2)," and (2) 0.20 hours to "[c]onfer with Plaintiff's [sic] counsel regarding their argument that Plaintiff [sic] has complied with Federal Rule of Civil Procedure 26(a)(2)." *See Ex. 1 to Affidavit* [#31-1] at 8. However, while Plaintiffs assert that this time was partially double-billed, they have provided no evidence to counter Attorney Della Cava's billing records, such as Plaintiffs' counsel's own billing records to refute the time that Attorney Della Cava contends she spent corresponding and conferring with him. There

is a possibility that Defendant's counsel both "corresponded" with and talked to Plaintiffs' counsel on February 21, 2012. The Court cannot find on the face of the billing records or the amount requested in the Affidavit that 0.2 hours were double-billed. Accordingly, the Court rejects Plaintiffs' argument on this point.

Plaintiffs next argue that Attorney Della Cava's billing rate for 4.3 hours of time was unreasonably high. *See Response* [#32] at 2-3. Plaintiffs assert that Attorney Della Cava charged her hourly rate of $175.00 per hour for 1.3 hours to correspond with Plaintiff's counsel about the dispute and that "[t]hese conversations did not require any specific skills other than asking for updates on the status of the testimony list." *Id.* at 3. Plaintiffs do not direct the Court's attention to the specific billing records they here dispute, and it is not readily apparent to the Court which entries are at issue. Plaintiffs further assert that Attorney Della Cava charged her hourly rate of $175.00 per hour for 3.0 hours to draft the Affidavit in support of her fees but that "the Affidavit would not have been very difficult to prepare and therefore, the skill utilized to perform and prepare the affidavit should not be the same as the attorney's regular Attorney rate." *Id.* at 3. In sum, Plaintiffs do not dispute the time spent on these tasks, only the rate utilized by Attorney Della Cava in completing this work.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436–40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684–85

(10th Cir.1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).   Based on the undersigned's twenty-seven years of combined private and judicial experience and careful consideration of Attorney Della Cava's Affidavit, the discovery issues, and Plaintiffs' pleadings, the Court finds that Attorney Della Cava's claimed expenses are reasonable here, including the fees disputed by Plaintiff.   *See, e.g.*, *Onesource Commercial Prop. Servs., Inc. v. City and County of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011).   Thus, the Court further finds that: (1) Attorney Della Cava's hourly compensation of $175.00 is reasonable, including with respect to the issues identified by Plaintiff, and (2) the hours of attorney time noted by her are reasonable.   Accordingly, the Court concludes that Defendant Wal-Mart Stores, Inc. is entitled to an award of $1,977.50 for the fees it reasonably incurred in connection with the underlying discovery dispute and request for sanctions.   Accordingly,

IT IS HEREBY **ORDERED** that Plaintiffs shall remit payment of $1,977.50 to Defendant Wal-Mart Stores, Inc. **on or before May 24, 2012**.

Dated: April 24, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge